1 | Thomas H. Edwards (SBN 96368)
119 E. Union St., Suite B
2 | Pasadena, CA 91103

3 | Telephone: (626) 395-5161
Facsimile: (626) 795-6600
4 | Email: edwards@thomasedwardslaw.com

5 | Attorney for Defendants Bob Weinstein, Harvey Weinstein,
Miramax Films NY, LLC, f/k/a Miramax Film Corp., Visiona
6 | Romantica, Inc.,The Weinstein Company, Lawrence
Bender Productions and The Walt Disney Company
7

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2010 MAY -6  AM II: 19
BY

FILED

8

UNITED STATES DISTRICT COURT
9
FOR THE CENTRAL OF CALIFORNIA
10

11 | DANNEZ HUNTER,                          CASE NO  CV10   3387   SJO   PJWx

12 |        Plaintiff

13 | vs.                                      NOTICE OF REMOVAL OF ACTION UNDER
                                            28 U.S.C. § 1441(b)
14
QUENTIN TARANTINO, an individual;
15 | BOB WEINSTEIN, an individual;                    (Federal Question)
HARVEY WEINSTEIN, an individual;
16 | MIRAMAX FILM CORP., a corporation;
VISIONA ROMANTICA, INC., a corporation;
17 | THE WEINSTEIN COMPANY, a corporation; A     DEMAND FOR JURY TRIAL
BAND APART, a corporation; LAWRENCE
18 | BENDER PRODUCTIONS, a corporation;
LAWRENCE BENDER; WALT DISNEY, a
19 | corporation; and JOHN DOES 1 through 10,
sued in their individual and official capacities
20

21 |        Defendants.

22

23

24 |        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25 |        PLEASE TAKE NOTICE THAT defendants Bob Weinstein, Harvey Weinstein, Miramax

26 | Films NY, LLC, formerly known as Miramax Film Corp., Visiona Romantica, Inc., The Weinstein

27 | Company, Lawrence Bender Productions and The Walt Disney Company (mistakenly referred

28 | to as "Walt Disney" in the caption of plaintiff's complaint and as "The Walt Disney Corporation"

in the body of plaintiff's complaint) hereby remove to this Court the state court action described below:

1.  On March 18, 2010 an action designated as Los Angeles Superior Court Case No. BC433381 was commenced in the Superior Court of the State of California in and for the County of Los Angeles entitled "Dannez Hunter, Plaintiff, vs. Quentin Tarantino, *et al.,* Defendants." Copies of the documents contained in the state court file are attached hereto as Exhibit A and include the following:

(1)    Civil Case Cover Sheet

(2)    Civil Complaint

(3)    Affidavit of Dannez Hunter in Support of Civil Complaint

(4)    Order on Court Fee Waiver

(5)    First Amended Civil Complaint

(6)    Notice of Case Management Conference

(7)    Notice of Order to Show Cause Hearing

(8)    Proof of Service of Process on Miramax Film Corp.

(9)    Proof of Service of Process on Visiona Romantica, Inc.

2.  The earliest date upon which any of the defendants received a copy of said complaint was April 6, 2010.  On that date defendant Miramax Films NY, LLC, formerly known as Miramax Film Corp. ("Miramax"), was served with a copy of the First Amended Civil Complaint and a summons from said state court.  Copies of the summons and First Amended Civil Complaint served on Miramax are attached hereto as Exhibit B.

3.  This action is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441(b) in that it arises under the following statutes:

1      (a)   17 U.S.C. §§ 501, 506 and 2319

2      (b)   18 U.S.C. §§ 2318

3      ©   42 U.S.C. §§ 1981, 1982 and 1983

4      (d)   15 U.S.C. § 1125

5      (e)   15 U.S.C. §§ 1 and 2.

6

7      (f)   18 U.S.C. § 1961

8      (g)   22 USC §§ 2201 and 2202

4. All defendants who have been served are represented by the undersigned counsel and have joined in this Notice of Removal. The undersigned counsel also represents defendants Quentin Tarantino and Lawrence Bender. They have also consented to this removal but have not yet been served. The plaintiff has also named a purported corporation identified as a "A Band Apart" as a defendant, but no such entity exists.

Dated: May 4, 2010

_____

Thomas H. Edwards

Attorney for Defendants Bob Weinstein, Harvey Weinstein, Miramax Films NY, LLC, f/k/a Miramax Film Corp., Visiona Romantica, Inc.,The Weinstein Company, Lawrence Bender Productions and The Walt Disney Company

-3-

1

**DEMAND FOR JURY TRIAL**

2      Defendants Bob Weinstein, Harvey Weinstein, Miramax Films NY, LLC, f/k/a Miramax

3   Film Corp., Visiona Romantica, Inc.,The Weinstein Company, Lawrence Bender Productions

4   and The Walt Disney Company hereby demand a jury trial as provided by Rule 38(a) of the

5   Federal Rules of Civil Procedure.

6

7



8   Dated: May 4, 2010        _____

9                          Thomas H. Edwards

10                     Attorney for Defendants Bob Weinstein, Harvey Weinstein,
                       Miramax Films NY, LLC, f/k/a Miramax Film Corp.,
11                     Visiona Romantica, Inc.,The Weinstein Company, Lawrence
                       Bender Productions and The Walt Disney Company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

A-1

00005

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Dannez Hunter<br>3414 W. Washington Blvd.<br>Ste #2<br>L.A. CA 90018<br>TELEPHONE NO.: 323-203-4371   FAX NO.:<br>ATTORNEY FOR (Name): | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAR 08 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy<br>MARY E. GARCIA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, CA 90018
BRANCH NAME:  Central District of California

CASE NAME:
Dannez Hunter vs. Quentin Tarantino

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC433381 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [X] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[ ] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action (specify):
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/08/12

Dennez Hunter
(TYPE OR PRINT NAME)

*Dannez Hunter*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |



**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

00007

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Dannez Hunter vs. Quentin Tarantino | BC 4 3 3 3 8 1 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL_____ ☐ HOURS/ ☐ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District.    6. Location of property or permanently garaged vehicle. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).    7. Location where petitioner resides. |
| 3. Location where cause of action arose.    8. Location wherein defendant/respondent functions wholly. |
| 4. Location where bodily injury, death or damage occurred.    9. Location where one or more of the parties reside. |
| 5. Location where performance required or defendant resides.    10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Dannez Hunter vs. Quentin Tarantino | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION**

LASC, rule 2.0<br>Page 2 of 4

| SHORT TITLE: Dannez Hunter vs. Quentin Tarantino | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☑ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

00010

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Dannez Hunter vs. Quentin Tarantino | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS:<br>Visiona Romantica, Inc<br>11812 San Vicente Blvd., 4th Floor |
|---|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY:<br>Los Angeles, | STATE:<br>CA   ZIP CODE:<br>90049 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Central_____ courthouse in the _____Los Angeles_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: _____

*Danny Hunter*

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

00011

A-2

00012

FILED IN FORMA PAUPERIS (CRC 985)
PER ORDER DATED
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC $
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

**FEE WAIVER**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 08 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
MARY E. GARCIA

MAR 08 2010

1  **DANNEZ HUNTER**
2  3414 W. Washington Blvd, Ste #2
   L.A., C.A. 90018
3  323-203-4371 (CELL)
   dannezhunter@yahoo.com
4
5  *IN PROPRIA PERSONA*
6
7        **SUPERIOR COURT OF CALIFORNIA**
            **CENTRAL DISTRICT**
8        **COUNTY OF LOS ANGELES**

9  DANNEZ HUNTER,              | Case No.    BC 433381
10        PLAINTIFF,
11  v.                          | CIVIL COMPLAINT
12  QUENTIN TARANTINO, an       | (1) 18 USC 201
13  individual; BOB WEINSTEIN, an | (2) 17 USC 506 Felony Copyright
    individual, HARVEY WEINSTEIN, |     Infringement
14  an individual, MIRAMAX, a   | (3) Race Discrimination 42
15  corporation, VISIONA        |     U.S.C. 1983
    ROMANTICA, INC., a corporation; | (2) UNFAIR COMPETITION
16  THE WEINSTEIN COMPANY, a    | (3) MONOPOLY
17  corporation, ABAND APART, a | (4) CIVIL RICO
    corporation LAWRENCE BENDER | (5) ACCOUNTING
18  PRODUCTIONS, a corporation  | (8) 18 U.S.C. 1961 et. seq.
19  WALT DISNEY, a corporation, | (9) The Intellectual Property
20  CARLOS GOODMAN, BLOOM       | Protection and Courts
    HERGOTT, COMPANY AND        | Amendments Act of 2004
21  JOHN DOES 1 THROUGH X       | (10) Declaratory Judgment that
22  SUED IN THEIR INDIVIUAL AND |
23  OFFICIAL CAPACITIES         | **PAu002655537 is Invalid due to**
         DEFENDANTS.            | **a Fraudulent Registration**
24                              | **Submitted by Owner to the US**
25                              | **Copyright Office**
26                              |
27                              | (6)"[JURY TRIAL IS
                                | DEMANDED]"
28

1

# PRELIMINARY STATEMENT

COMES NOW, Dannez Hunter bringing forth this Civil Rights and RICO complaint against Defendants Quentin Tarantino   , Miramax,  Visiona Romantica, Inc., The Weinstein Company, A Band Apart, Lawrence Bender, Lawrence Bender Productions, Walt Disney, Carlos Goodman and John Does I through X,  pursuant to 15 U.S.C. §1, 17 U.S.C. §106 Article 1, Section 8, Clause 7 of the U.S. Constitution,  17 U.S.C. §201, 17 U.S.C. §408d, 17 U.S.C. §501, 17 U.S.C. §506, 17 U.S.C. §506(e), 18 U.S.C. §1001, 18 U.S.C. §1001(a)(1), 18 U.S.C. §1341, 18 U.S.C. §1641, 18 U.S.C. §1967, 18 U.S.C. §2319), 42 U.S.C. §§1983– Discrimination based on Race, Unfair Business Practices Act, Unfair Competition, Civil RICO, *Buchwald v. Paramount Pictures*, 1990 WL 357611 (Cal. Superior); (*Dezendorf vs. Twentieth Century Fox*, *SD.Cal., 1940, 32 F.Supp. 359, Aff'd 9Cir,.118F.2d 561; Lockheed Information Management Systems Co. v. Maximus, Inc., 259 Va. 92 (2000); Bridgeport Music Inc. v. Bad Boy 507 F.3d 470 (6th Cir. 2007)* The Intellectual Property Protection and Courts Amendments Act of 2004 Anti-counterfeiting Amendments Act of 2004, (b) essentially alleging that defendants established a pattern of racketeering for the purpose of deceiving the consuming public into believing that some defendants created the story concept in the "Kill Bill" film when, in fact, that concept and specifically the character O-Ren Ishii was stolen from an inner city African American youth. (Exh. Affidavit of Dannez Hunter)

# JURISDICTION

1.     Jurisdiction exists, in whole and/or in part, pursuant to the following federal statutes: (a) 28 U.S.C. 1331 as the complaint alleges federal questions, (b) 28 U.S.C. 1332 as exceeds $75,000 exclusive of costs and interest and the amount in controversy, (c) 28 U.S.C. 2201-2202 as the complaint seeks a declaratory judgment of rights under registered copyrights, and   28 U.S.C. 1338 (a) as to copyright claims, and 28 U.S.C. 1367 regarding related state allegations.

2

00014

2.     Venue is proper within the Central District of California pursuant to 28 U.S.C. 1391 (b) (1) and (2) in that several defendants reside therein and many of the acts alleged as a pattern of racketeering are alleged to have been planned and implemented in this district.

3.     At all times mentioned herein, Plaintiff resided in Los Angeles County, California. Plaintiff is now

## ALLEGATION OF JURISDICITON

4.     The Plaintiff Hunter resides in Los Angeles, and the Defendants' are employed as officials, successors, agents, and/or authorities authorized and/or licensed in the United States State having their principal place of business in the States of California and New York. The matter in controversy exceeds the sum of $10,000 dollars.

## PARTIES

5.     The Plaintiff Dannez Hunter, is a resident of Los Angeles located at 3414 W. Washington Blvd., Ste #2, Los Angeles, CA 90018.

6.     Defendant Quentin Tarantino is a resident of Los Angeles and utilized Miramax, Visionia Romantica, Walt Disney, and A Band Apart as the criminal enterprise existing and doing business under the laws of the State of California, and located at 11812 San Vicente Blvd., 4th Floor, Los Angeles, CA 90049, and engaging in business in said state, including having distributed more than 10 copies of fraudulently procured copyright material in the states of California.

7.     Defendant Visiona Romantica Inc. is a Corporation existing and doing business under the laws of the State of California, and located at c/o Mark D. Friedman, 11812 San Vicente Blvd., 4th Floor, Los Angeles, CA 90049 and engaging in business in

00015

said state, including having distributed more than 10 copies of fraudulently procured copyright material in the states of California.

7.5    Carlos Goodman, is a Lawyer existing and doing business under the laws of the State of California, and located 150 S. Rodeo Dr. 3rd Fl, Beverly Hills, CA 90212-2403, and engaging in business in said state, and executed his name on the copyright PAu002655537 material in the states of California.

8.    Defendant Miramax is a Corporation existing and doing business under the laws of the State of California, and located at c/o Corporation Service Company, 80 State Street, Albany, New York, 12207-2543, 161 Avenue of the Americas, 15 Floor, New York, N.Y. 10013-2338, and engaging in business in said state, including having distributed more than 10 copies of fraudulently procured copyright material in the states of California and New York.

9.    Defendant The Walt Disney Company is Corporation existing and doing business under the laws of the State of California, and located at , c/o Marsha L. Reed, 500 S. Buena Vista Street, Burbank, CA 91521 and engaging in business in said state, including having distributed more than 10 copies of fraudulently procured copyright material in the states of California.

10.    Defendant A Band Apart is a Corporation existing and doing business under the laws of the State of California, and located at c/o Lawrence Bender, 8530 Wilshire, Ste 500 Beverly Hills, CA 90211, or c/o Lawrence Bender 325 N Faring Rd LA CA 90077and engaging in business in said state, including having distributed more than 10 copies of fraudulently procured copyright material in the states of California.

11.    Defendant Lawrence Bender Productions is a Corporation existing and doing business under the laws of the State of California, and located at 8530 Wilshire, Ste 500 Beverly Hills, CA 90211, or c/o Lawrence Bender 325 N Faring Rd LA CA 90077 and engaging in business in said state, and received proceeds and revenue from "Kill Bill."

4

1   12   Defendant Lawrence Bender is a resident existing and doing business under
2   the laws of the State of California, and located at A Band Apart/Lawrence Bender
3   Productions 8530 Wilshire, Ste 500 Beverly Hills, or 325 N Faring Rd LA CA 90077
4   and engaging in business in said state, and received proceeds and revenue from "Kill
5   Bill."

6   13.   Defendant Bob Weinstein, is an individual existing and doing business
7   under the laws of the State of New York, and located at 345 Hudson Street, 13th Floor,
8   New York, N.Y. 10014; or 375 Greenwich Street, New York, New York, 10013 and
9   engaging in business in said state, including having distributed more than 10 copies of
10  fraudulently procured copyright material in the states of California.

11  14.   Defendant Harvey Weinstein, is an individual existing and doing business
12  under the laws of the State of New York, and located at 345 Hudson Street, 13th Floor,
13  New York, N.Y. 10014; or 375 Greenwich Street, New York, New York, 10013 and
14  engaging in business in said state, including having distributed more than 10 copies of
15  fraudulently procured copyright material in the state of New York.

16  14.5   Defendant The Weinstein Company existing and doing business under the
17  laws of the State of New York, and located at 345 Hudson Street, 13th Floor, New York,
18  N.Y. 10014; 375 Greenwich Street, New York, New York, 10013 and engaging in
19  business in said state, including having distributed more than 10 copies of fraudulently
20  procured copyright material in the state of New York.

21  15.   Defendant s John Does I through X are employed at Miramax, A Band
22  Apart, and Visiona Romantica existing and doing business under the laws of the State of
23  California, and located at  and engaging in business in said state, including having
24  distributed more than 10 copies of fraudulently procured copyright material in the state
25  of California.

26  **INDIVIDUAL ALLEGATIONS OF PLANTIFF**

27  16.   On May 5, 1999, Plaintiff deposited a recorded copy of his Lotus Treatment
28  with the Writers Guild of America, #746205 with a fictional character therein named
    Ren based on the historical lineage of Samurai "Sakanouye No Tamuramaro," who is

one of the most distinguished Black rulers and warriors in antiquity.  After registering
the Lotus treatment, in May of 1999, Plaintiff went to Mandalay Pictures located on the
Paramount Pictures lot to first "Pitch" the Lotus treatment to colleagues within the
development department. The Lotus treatment was given extremely high accolades by
Adam Stone, Director of Development at Mandalay. Adam informed Plaintiff that
although the Lotus Treatment was excellent, the content was outside the genre of films
that Mandalay distributed.

17.    Around or about May and June of 1999, Plaintiff being an inner city youth
took a bus to Miramax located at the time 7966 Beverly Boulevard to meet with a former
co-worker / Non-Defendant named Anna Wong, for lunch. Anna Wong worked for
Miramax. Prior, Anna Wong trained Plaintiff as a Minority Management Trainee / Intern
within Warner Bros. International Real-Estate division. Her Sensei's name is Benny The
Jet. Subsequently, A Band Apart was functioning and operating inside the same building
as Miramax, but the Plaintiff doesn't know if Visionia Romantica was also in the same
building. After lunch, Plaintiff provided Non-Defendant Anna Wong with a copy of the
Lotus Treatment while standing inside Miramax on the second floor and graciously
requested for her to run the treatment through Miramax coverage and give the Lotus
treatment to Defendant Quentin Tarantino.

18.    The Plaintiff asserts and alleges Defendant Tarantino copied verbatim the
CONCEPT/CHARACTER name "Ren," without changing anything and pilfered every
element from the Lotus treatment, including Ren witnessing her mother's sadistic
murder in a cartoon format, the knife through the mother's abdomen that went inches
away from her face with droplets of blood on her face as she gasped for breath, burning
the house down while standing next to the small shrine, Ren becoming the head of the
Yakuza, the collection of the Katana swords, the death touch, the esthetic look of the
cover-page treatment marketing plan, and her being taken by her father to be trained by
her grandfather to become an assassin. The Plaintiff asserts and alleges Tarantino copied
verbatim more than an hour of Hunter's treatment including Ren wearing an all black
outfit. The Plaintiff asserts he placed the copyright symbol on the cover page of the

00018

treatment that was ignored by Tarantino. At different intervals the "O" was placed before Ren at the beginning of her name to show politeness and respect by those who was scared of her:

http://www.youtube.com/watch?v=uLtVp3aBPWY

http://www.youtube.com/watch?v=NfywvogGZag&feature=rec-LGOUT-exp_fresh+div-1r-4-HM

http://www.youtube.com/watch?v=gktyzYvyyck&feature=related

19.    The Plaintiff asserts and alleges prior to giving his Lotus treatment to Defendant Tarantino, he had applied for several jobs with Miramax and was never given a return phone call, as numerous similar situated less qualified Jewish and White people were bestowed job after job after job. The Plaintiff asserts and alleges in June, October 28, and November 15, 2009, he contacted Tarantino and attempted to get him to pay him royalties and correct the application with the U.S. Copyright Office; however, due to discrimination based on Racial Animus, Tarantino refused to pay Hunter any royalties after making over $332 million dollars in worldwide sales and correct the copyright application with the Register of Copyrights amounting to desparate impact and treatment.

20.    The Plaintiff asserts and alleges Tarantino, Miramax, Visiona Romantica, and A Band Apart story boarded his Lotus treatment in a cartoon format and then placed the treatment in storage.

21.    In light of the nature of the business, and pressures of this world, Plaintiff lost faith in his abilities and unfortunately had an encounter with the LAPD Rampart Division on January 11, 2001. As a result the Plaintiff was incarcerated until March 17, 2006 and could not find out about the Tarantino committing the theft until a year and a half later.

### RICO ENTERPRISE

22.    The Plaintiff asserts and alleges that on 2002-05-08, Defendant Tarantino, under Visiona Romantica knowingly and willfully filed a Fraudulent and False copyright PAu002655537 with the United States Copyright office that failed to disclose Hunter's

1   name as the Source author, while ignoring the copyright symbol on the front page of the
2   Lotus treatment from which Tarantino copied verbatim the entire PLOT/CONCEPT for
3   "Ren/Kill Bill". The Plaintiff asserts and alleges the Defendants Tarantino submitted
4   "False official applications" to the copyright office in violation of 18 U.S.C. 1001, which,
5   is an antitrust problems under 15 U.S.C. 1. The Plaintiff asserts and alleges these
6   activities were commenced to "Restrain" Hunter's ability to "Trade," ("Emphasis
7   Added"), because of the color of his skin compared to similar situated Whites and/or
8   Jews constituting a combination and "Conspiracy Against Trade," a "Federal Crime" and
9   a civil violation on the basis for relief under 15 U.S.C. 1 and 15. Failure of Tarantino to
10  make corrections of material omissions in a copyright registration is a violation of 17
11  USC 409. The Plaintiff asserts and alleges the copyright registration must be evaluated
12  as a "False Registration" of authorship under 18 U.S.C. 1001 (a) (1) and 17 U.S.C. 506
13  (e). Tarantino TYPED ("Emphasis Added") in his name on "space 8" ("Emphasis
14  Added") of the copyright application, instead of executing his personal signature on the
15  copyright application in a calculated attempt to personally avoid Felony Copyright
16  Infringement. Such a crime reflects malice aforethought and premeditation. The Plaintiff
17  asserts and alleges Tarantino had Carlos Goodman execute his name of the copyright
18  application, instead of Tarantino personally signing the copyright application. Through
19  an initial search on the U.S. Copyright data base Quentin Tarantino's name can no
20  longer be found with the "Kill Bill" copyright, and it's now listed solely under Visiona
21  Romantica.

22      23.     The Plaintiff asserts and alleges said Defendants Tarantino, Visiona
23  Romantica, A Band Apart, Lawrence Bender, and Miramax, Bob Weinstein and Harvey
24  Weinstein made "willful infringements" under section 506 (a) which is supported by
25  false copyright registrations in violation of 18 U.S.C. 1001 and mail fraud through 18
26  U.S.C. 1341 which is used to siphon revenues away from the "substantial contributing
27  author" contributing author of the work." The Plaintiff asserts and alleges the
28  Defendants Tarantino and Visiona Romantica used false registrant of the original work

8

1   to make modifications to the original work but left it as substantially equivalent to the

2   original work." Copyright Predicate in Accordance with 17 U.S.C. 411 (a)"

3      24.   The Plaintiff asserts and alleges Defendant Tarantino due to discrimination

4   based on Race changed the Ren character who is an African/Japanese to a VILLIAN that

5   is a Chinese/Japanese character, while simultaneously switching the attributes of Ren to

6   the Jewish superhero and hiring less than 1% percent African-Americans for the

7   production of "Kill Bill." Thereafter, Tarantino had the Jewish character kill  my

8   Japanese/Black character Ren and chopped up her body parts / arms and threw her into a

9   ditch to signify cutting off the arms of the Black author, thus amounting to

10  discrimination based on Race compared to similar situated White Males authors.  The

11  Plaintiff asserts Tarantino killed off his Black/Japanese character in order to block

12  Hunter from being able to create other plots based on said character, thus equating to

13  Restraint of Trade. (Violations: Buchwald v. Paramount Pictures, 1990 WL 357611 (Cal.

14  Superior))

15     25.   It is not necessary to show theft and use of the entire story by Tarantino. It

16  is only necessary to prove access and copying of specific portions by Defendant

17  Tarantino where the "substantial contributing author" was omitted from the copyright

18  registration; in order, for me to "NULLIFY" the fraudulent copyright for a violation of

19  17 U.S.C. 408 (d) and 18 U.S.C. 1001. Indeed, Plaintiff asserts and alleges Defendant

20  Tarantino was required to disclose Hunter's name and work as the "substantial

21  contributing author" in paragraph 6 of the related copyright application. In this

22  circumstance, the copyright registration in question would be materially false regarding

23  the issue of authorship. This willful failure to disclose Hunter's contribution makes the

24  copyright registration invalid and unlawful under 18 U.S.C. 1001 for willfully "failing to

25  reveal" that the "substantial contributing author" was omitted with the intent to deny

26  Plaintiff credit, and royalties in the project. The Plaintiff asserts and alleges the issue of

27  authorship is significant regarding each aspect of the registered work under 17 U.S.C.

28  201.

00021

26.    The Plaintiff asserts and alleges Defendants Tarantino, Visiona Romantica Inc, Miramax, A Band Apart, Lawrence Bender, Walt Disney, Bob Weinstein, and Harvey Weinstein failed to disclose the usage of the creative work of Hunter, and constitutes a combination and "Conspiracy" to "Restrain Trade," because of the color of his skin by filing a fraudulent application with the Copyright Office for a registration on a story written by another author without disclosing the use of Hunter's work as the source.

27.    The Plaintiff asserts and alleges Tarantino, and Visiona Romantica, Inc. fraudulently filed an application for a copyright with the Copyright Office for a registration on a story written by Hunter without disclosing the use of Hunter's work as the source / substantial contributing author, and Tarantino did so through the mail and/or by electronically wiring the application to the Copyright Office, thus equating to Restraint of Trade.

28.    The Plaintiff asserts and alleges Bob and Harvey Weinstein deliberately structured their departure from Miramax to be March 30, 2005 which is the first fingerprint of a crime scene. The Plaintiff was suppose to be released from prison on March 17, 2005; however, the time frame was extended an entire year. The Plaintiff asserts Bob and Harvey Weinstein structured their Golden Parachute to depart Miramax in December of 2005, which is the second fingerprint. Thereafter, the Plaintiff asserts and alleges that Miramax closed it's offices on Beverly Blvd., and suspiciously took the numbers off of the side of the building, of which is the third fingerprint involving a crime scene. (Emphasis Added) For there to be a crime, the commission of prohibited act and criminal intent (*mens rea*) have to concur in time. As a result of taking the numbers off of the side of the building, it made Plaintiff think that Bob and Harvey Weinstein were aware of Tarantino's theft of the Lotus treatment. The Plaintiff asserts and alleges Miramax moved to New York, and Bob and Harvey Weinstein started The Weinstein Company with proceeds from Kill Bill volumes I and II. The Plaintiff asserts and alleges that Quentin Tarantino and Lawrence Bender for A Band Apart staged being broke after making more than $332 million dollars in world wide gross revenues, while Quentin

10

1   Tarantino departed from A Band Apart. Thereafter, Lawrence Bender utilized proceeds

2   from Kill Bill for Lawrence Bender Productions. The Plaintiff asserts and alleges that

3   Quentin Tarantino utilized proceeds from Kill Bill to finance future films.

4       29.   The Plaintiff asserts and alleges the Defendants Tarantino in violation of

5   RICO, made a series of willfully false copyright registrations with the Copyright Office

6   in violation of **18 U.S.C. 1341, 18 U.S.C. 1001 (a) (1), 17 U.S.C. 409 (1) and (9), 17**

7   **U.S.C. 408 (d), and 17 U.S.C. 506 (e).** The Plaintiff asserts and alleges said Defendants

8   in violation of RICO, made "willful infringements" under section 506 (a) which is

9   supported by false copyright registrations in violation of **18 U.S.C. 1001** and mail fraud

10   through **18 U.S.C. 1341** which is used to siphon revenues away from the true creator of

11   the work," and restrain Hunter in his ability to trade and talent. The Plaintiff asserts and

12   alleges the Defendants used false registrant of the original work to make modifications to

13   the original work but left it as substantially equivalent to the original work." Copyright

14   Predicate in Accordance with **17 U.S.C. 411 (a).**

15

16      "Now, Tramontana is angry. Over at the website for the 2003 film,

17      therealgrindhouse.com, you'll discover that Tramontana is very serious, saying:

18      "Quentin Tarantino is a thieving **PIECE of SHIT** and he knows it. He stole

19      Grindhouse from a bunch of kids who were just asking for his help and he

20      helped them by stealing their <ins>**TITLE**</ins> and <ins>**CONCEPT**</ins>." Whoa!"

21

22      Tarantino has come under criticism for his use of racial epithets in his films,

23      particularly the word "n****r" in Reservoir Dogs and Pulp Fiction, most notably

24      from Black American director Spike Lee. In an interview for Variety, Lee said: "I'm

25      not against the word... and I use it, but Quentin is infatuated with the word.

26

27      TARANTINO: <ins>**"Hey! I can use fucking elements from other movies! It's not a**</ins>

28      <ins>**ripoff, it's an homage!"**</ins> (http://uncyclopedia.wikia.com/wiki/Quentin_Tarantino)

00023

1  TARANTINO:        "I steal from every movie ever made."

2      30.   Quentin Tarantino is avoiding service of the lawsuit by not having a stable

3  business address registered with the California Secretary of State, and he is not listed in

4  the Hollywood Creative Directory.

5      31.   The Plaintiff asserts and alleges he gave no consent to either Tarantino,

6  Visiona Romantica Inc, Miramax, A Band Apart, Lawrence Bender, Walt Disney, Bob

7  Weinstein, and Harvey Weinstein to use the story concept, characters, and plot, without

8  payment and royalties in reference to his registered work with the Writer's Guild of

9  America.

10      32.   The Plaintiff asserts and alleges that all major companies such as Miramax

11  keep an electronic filing of the coverage and the hard copy of all treatments and scripts

12  submitted to the Studio. The Plaintiff does not know if Visiona Romantica was operating

13  in the same building as Miramax; however, Plaintiff Hunter asserts Visiona Romantica is

14  a part of the criminal enterprise.

15      33.   The Plaintiff asserts and alleges that Tarantino entered into negotiations to

16  make the next volume of Kill Bill without informing Hunter that he would allot Hunter

17  credit and pay future royalties, as well as, correct the application filed with the U.S.

18  Copyright Office amounting to discrimination based on Racial Animus that has caused

19  an extreme financial hardship/injury to Hunter.

20      34.   The Plaintiff Hunter asserts and alleges that he contacted Tarantino through

21  Visiona Romantica, and The Walt Disney Company and they all refused to give Hunter

22  any royalties, credit, because he is an African American compared to similar situated

23  Whites and/or Jews with intent to Restrain Hunter in his talents and trade, because of the

24  color of his skin.

25      35.   In sequence order, the Plaintiff asserts and alleges Tarantino copied

26  verbatim his Lotus treatment knowing that the original writer is an African American,

27  concealed that Ren is an African American/Japanese character in the Kill Bill movies,

28  Dead "N****r" Storage ("DNS") is subtly referenced in 14 separate Quentin Tarantino

movies including Reservoir Dogs and the two Kill Bill films, Killed off my Ren

12